**John TRUJILLO, Petitioner–Appellant,**

v.

**Joe R. WILLIAMS, Warden, Lea County Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.**

**No. 01–2207.**

United States Court of Appeals, Tenth Circuit.

Dec. 20, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT** \*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.

The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John Trujillo, a state prisoner proceeding pro se and in forma pauperis, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. For the reasons stated below, we deny a COA and dismiss the appeal.

Mr. Trujillo was convicted in New Mexico state court on two counts: one count of aggravated burglary (Commits Battery) and one count of aggravated burglary (Great Bodily Harm). In addition, he was adjudged to be an habitual offender with four prior felony convictions. Mr. Trujillo was sentenced to twenty-eight years' imprisonment, followed by two years' parole. In his habeas petition before the district court, Mr Trujillo raised seven instances of error. The matter was referred to a magistrate judge, who recommended that the petition be dismissed. The district court adopted the findings of the magistrate judge and dismissed Mr. Trujillo's petition.

On appeal, Mr. Trujillo raises three challenges: (1) there was insufficient evidence to support the aggravated burglary (Commits Battery) charge; (2) there was insufficient evidence to support the aggravated burglary (Great Bodily Harm) charge; and (3) he received ineffective assistance of trial and appellate counsel. As to the first two challenges, Mr. Trujillo did not raise them before the district court and we will not exercise our discretion to address them for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992). To the extent that Mr. Trujillo challenges the sufficiency of the evidence supporting the indictment, we further agree with the magistrate judge that "a grand jury's indictment cannot be challenged in a federal post-conviction habeas corpus proceeding." Rec. vol. 2, doc. 20, at 5 (magistrate judge's proposed findings and recommended disposition).

In support of his ineffective assistance claims, Mr. Trujillo provides several reasons why his trial counsel was ineffective: (1) his counsel did not object during voir dire; (2) his counsel did not object to irregularities in the verdict form; (3) his counsel did not object to ambiguous jury instructions; and (4) his counsel failed to poll the jury. In support of these claims, Mr. Trujillo contends that his trial lawyer was neither educated, nor alert, nor prepared. Mr. Trujillo also maintains that his appellate counsel was ineffective for his failure to raise insufficiency of the evidence on appeal and for failing to raise issues regarding voir dire on appeal.

The district court determined that Mr. Trujillo did not establish that the state court decisions reviewing these claims were either "contrary to" or an "unreasonable application of" federal law; the district court further determined that Mr. Trujillo did not establish that the state court decisions were based upon an "unreasonable determination of the facts." 28 U.S.C. § 2254(d). In response, Mr. Trujillo asserts numerous times in his appellate brief only that his appellate counsel's arguments (rather than the state court's determination) were often based on an unreasonable determination of the facts.

We treat ineffective assistance of counsel claims as mixed questions of law and fact and review them de novo. Smith v. Gibson, 197 F.3d 454, 461 (10th Cir.1999). To qualify for a COA, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Trujillo may make this showing by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions raised deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Upon review of the record, the brief submitted to this court, and the applicable law, we conclude that Mr. Trujillo has failed to meet the standards established in § 2254(d). Reasonable jurists could not debate whether his "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted).

We DENY Mr. Trujillo's application for a COA and DISMISS this appeal.